# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

NEIL ZACCARI, )
)
        Plaintiff, )
)
v. ) Civil Action No. 3:18-cv-453–HEH
)
DISCOVER TECHNOLOGIES LLC, )
)
        Defendant. )

## MEMORANDUM OPINION
### (Granting Defendant's Motion to Dismiss)

THIS MATTER is before the Court on Defendant Discover Technologies LLC's ("DT") Motion to Dismiss (the "Motion," ECF No. 63), filed on March 4, 2025. DT moves to dismiss Count III of Plaintiff Neil Zaccari's ("Plaintiff") complaint—Plaintiff's only remaining claim—for lack of subject matter jurisdiction with prejudice. The parties have filed memoranda supporting their respective positions, and Defendant's Motion is ripe for this Court's review. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. See E.D. Va. Loc. Civ. R. 7(J). For the following reasons, the Court will grant Defendant's Motion to Dismiss.

## I. BACKGROUND

In June 2018, Plaintiff brought a three (3) count complaint against DT in this Court. (Compl. ¶ 1, ECF 1.) Plaintiff's claims arose from the alleged use of a contract receipt program and review process software (the "CRR Software") that was purportedly

wrongfully copied and installed by the Defense Contract Management Agency ("DCMA"). (*Id.* ¶¶ 1, 9.) Plaintiff alleges that his former employer, Apprio, Inc. ("Apprio"), forced him to provide DCMA a copy of the CRR Software, which DCMA then copied and installed on computers within the agency. (*Id.* ¶ 1.) Plaintiff alleges that DT—a technology contractor—worked with DCMA to use unauthorized copies of the CRR Software to develop an alternative software. (*Id.* ¶¶ 1, 25.) In December 2018, the Court dismissed Count II (Business Conspiracy) but denied DT's motion to dismiss with respect to Count III (Misappropriation of Trade Secret). (Mem. Op. and Order, ECF Nos. 29, 30.) Additionally, the Court found that it lacked subject matter jurisdiction with respect to Count I (Copyright Infringement) and dismissed the claim without prejudice. (*Id.*)

Concurrent with this lawsuit, Plaintiff brought a lawsuit against Apprio in the United States District Court for the District of Columbia (Case No. 1:18-cv-1560) alleging that Apprio infringed on his copyright by continuing to use the CRR Software. Apprio then moved to dismiss the complaint and filed its own separate action against Plaintiff (Case No. 1:18-cv-02180), primarily asserting their ownership rights over the CRR software—the same software at issue in this case. The D.C. District Court then consolidated both these cases under Case No. 1:18-cv-2180 (the "D.C. Litigation").

The D.C. Litigation primarily concerned the enforceability of the contract between Plaintiff and Apprio including whether Plaintiff had assigned his rights, title, and interest regarding the original and updated CRR Software to Apprio through the contract. The provision at issue was the Prior Inventions provision. (*Id.* at 3.) Due to the implications

2

the D.C. Litigation would have on this case, the Court stayed this case pending a determination of Plaintiff's ownership rights of the CRR Software—which, again, was the principal issue in the D.C. Litigation. (ECF No. 34). In June 2024, the United States Court of Appeals for the District of Columbia Circuit affirmed the D.C. District Court's decision holding that Plaintiff's "acknowledgement" of the Agreement created a valid contract with Apprio and required him to assign all of his rights in the CRR Software to Apprio and that Plaintiff breached three (3) provisions of the Agreement. *Apprio, Inc. v. Zaccari*, 104 F.4th 897, 906 (D.C. Cir. 2024). The D.C. Circuit also affirmed the D.C. District Court's ruling "that none of the exceptions in the Prior Inventions provision or the Unassigned Inventions provision exempt [Plaintiff's] creations from the Assignment of Inventions provision of the Agreement" since Plaintiff did not disclose previous inventions on the disclosure form. *Id.* at 909.

## II. LEGAL STANDARD

A Rule 12(b)(1) motion challenges the Court's jurisdiction over the subject matter of a complaint. Such a challenge can be facial, asserting that the facts as pled fail to establish jurisdiction, or factual, disputing the pleadings themselves and arguing that other facts demonstrate that no jurisdiction exists. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). For a facial challenge, "the plaintiff is 'afforded the same procedural protection as she would receive under a Rule 12(b)(6) consideration.'" *Id.* (quoting *Kerns*, 585 F.3d at 192). Here, DT brings a facial challenge to Count III—the only remaining count in this case—under Rule 12(b)(1) for lack of standing.

Subject matter jurisdiction requires a justiciable case or controversy within the meaning of Article III of the United States Constitution. *See Allen v. Wright*, 468 U.S. 737, 750–51 (1984) (*abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 574 U.S. 118 (2014)). Standing constitutes one component of justiciability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing presents a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

The United States Supreme Court has established that the "irreducible constitutional minimum" of standing includes three elements: (1) an injury-in-fact, (2) "a causal connection between the injury and the conduct complained of," and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560–61 (citations and quotations omitted). Because Plaintiff seeks to invoke this Court's jurisdiction, Plaintiff bears the burden of establishing all three (3) elements. *Id.* at 561. To establish an injury-in-fact, a plaintiff "must allege a distinct and palpable injury to himself[.]" *Warth*, 422 U.S. at 501 (citations omitted). The injury must "affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1.

"A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *Southern Walk at Broadlands Homeowner's Ass'n.. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

## III. ANALYSIS

DT argues that Plaintiff is precluded from proceeding in this action because he does not have standing. (Mem. in Supp. at 1.) DT contends that the D.C. Litigation held that Plaintiff "assigned his right, title, and interest in the CRR Software, as well as all trade secret, patent, copyright, mask work, and other intellectual property rights with respect to [the] CRR Software, to Apprio." (*Id.* at 11 (quoting *Apprio, Inc. v. Zaccari*, Case No. 1:18-cv-02180, ECF No. 65 at 1 (D.D.C. Mar. 31, 2025)).) Thus, Plaintiff cannot bring a claim for misappropriation since he does not own the trade secret at issue. Moreover, DT claims that Plaintiff is collaterally estopped from relitigating the ownership issue because the D.C. Litigation already decided that Plaintiff did not have any right, title or interest in the CRR Software. (*Id.* at 12.)

Plaintiff counters that "there are no holdings with respect to trade secrets, merely quotation of contractual language" in the D.C. Litigation and, therefore, his claim regarding trade secrets cannot be collaterally estopped. (Def.'s Resp. in Opp'n at 2, ECF No. 73.) Furthermore, Plaintiff argues that the D.C. Litigation did not relate to this case because the trade secrets at issue here predate any employment with Apprio, and he only assigned a portion of the CRR Software during late 2015 or later. (*Id.* at 3, 6.) Therefore, Plaintiff maintains that he does have standing and is not collaterally estopped from bringing his claim.

On July 11, 2025, DT filed a motion to notify this Court of supplemental authority from the D.C. Litigation that resolved Plaintiff's alleged incompliance with that court's previous order. (ECF No. 78 at 2.) Notably, the D.C. District Court reiterated that both

"[they] and the D.C. Circuit have determined that the CRR Software belongs to Apprio, full stop." (*Id.* (quoting *Apprio, Inc. v. Zaccari*, 2025 WL 1905643, at *5 (D.D.C. July 10, 2025)).) On July 11, 2025, Plaintiff filed a notice in the D.C. Litigation that he has fully executed the confirmatory assignment, assigning all rights, title, and interest in all versions of the CRR Software to Apprio. (*Apprio, Inc. v. Zaccari*, Case No. 1:18-cv-2180, ECF No. 92 at 1.)

Federal common law determines the preclusive effect of a federal court judgment. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *see Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–508 (2001). Federal courts develop "uniform federal rule[s]" of res judicata for judgments in federal-question cases. *Taylor*, 553 U.S. at 891 (quoting *Semtek Int'l Inc.*, 531 U.S. at 507–508). In cases involving diversity jurisdiction, "federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Taylor*, 553 U.S. at 891 n.4; *see Semtek Int'l Inc.*, 531 U.S. at 508. Because the decision in question was rendered in D.C. District Court sitting in diversity jurisdiction, this Court applies the rules of preclusion applied by the D.C. Court of Appeals, the court of last resort in the District of Columbia.[1] *See Hately v. Watts*, 917 F.3d 770, 777 (4th Cir. 2019); *Taylor*, 553 U.S. at 891 n.4; *Semtek Int'l Inc.*, 531 U.S. at 508. For a party to successfully assert issue preclusion, the D.C. Court of Appeals requires the following four (4) conditions:

---

[1] The parties mistakenly apply Virginia's issue preclusion rules. This mistake is significant considering Virginia—unlike the District of Columbia—requires mutuality, which neither party mentioned. *See Angstadt v. Atl. Mut. Ins. Co.*, 249 Va. 444, 447 (1995).

> (1) the issue is actually litigated and (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties or their privies; (4) under circumstances where the determination was essential to the judgment, and not merely dictum.

*Wash. Med. Ctr., Inc. v. Holle*, 573 A.2d 1269, 1283 (D.C. 1990) (citing *Smith v. Jenkins*, 562 A.2d 610, 617 (D.C. 1988); *Ali Baba Co. v. WILCO, Inc.*, 482 A.2d 418, 421 (D.C. 1984)). To rely on non-mutual issue preclusion, a party must satisfy a two (2) step test. *Modiri v. 1342 Rest. Grp., Inc.*, 904 A.2d 391, 395 (D.C. 2006). First, a case must satisfy the traditional requirements for invoking collateral estoppel. *Id.* Second, after satisfying the traditional requirements, the court "considers the fairness of applying collateral estoppel to the facts of the case." *Id.* (citing *Ali Baba*, 482 A.2d at 423).

The issue at the heart of this case has been previously litigated and resolved in the D.C. Litigation. Here, Plaintiff alleges that DT misappropriated trade secrets regarding the CRR Software; however, the D.C. Litigation determined that Plaintiff "plainly assign[ed] to Apprio all 'right, title and interest in and to any and all Inventions,'" specifically regarding the same CRR Software. *Apprio*, 104 F.4th at 909 (quoting J.A. 923). Moreover, as stated above, the D.C. District Court issued an additional opinion reiterating that the D.C. Litigation has definitively determined that "the CRR Software belongs to Apprio, full stop." (ECF No. 78 at 2 (quoting *Apprio*, 2025 WL 1905643, at *5 (D.D.C. July 10, 2025)).) This ruling was essential to the judgment in the D.C. Litigation because the courts ultimately held that Plaintiff had a valid agreement with Apprio and he breached said agreement by refusing to "execute a confirmatory assignment to Apprio for the Updated Software[.]" *Apprio*, 104 F.4th at 906.

7

Furthermore, the D.C. Litigation held that the Prior Inventions provision and assignment of inventions agreement did not exempt the initial version of the software. *Id.* at 909. The Court, therefore, finds that Plaintiff is collaterally estopped from bringing suit against DT. Moreover, since Plaintiff has now indisputably assigned his right, title, and interest to Apprio, he undoubtably has no interest in the CRR Software. *Id.* Therefore, the Court finds that Plaintiff possesses no interest in any iteration of the CRR Software and, therefore, does not have standing to sue DT—or anyone else—regarding any iteration of the CRR Software.

## V. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff does not have standing to bring this action. Therefore, upon due consideration and finding it appropriate to do so, DT's Motion to Dismiss (ECF No. 63) will be GRANTED and dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
_____
Henry E. Hudson
Senior United States District Judge

Date: August 11, 2025
Richmond, Virginia